

**IT IS ORDERED as set forth below:**

**Date: April 21, 2022**

                                           _____
                                                         **Paul Baisier**
                                         **U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| VICTOR MANUEL HERNANDEZ-CASTRO and ANDREA LASHAE HERNANDEZ, | ) ) ) ) | CASE NO. 16-63886-PMB |
| Debtors. | ) | |

**ORDER DENYING WITHOUT PREJUDICE UNITED
STATES TRUSTEE'S MOTION TO REOPEN BANKRUPTCY CASE**

Before the Court is the *Motion to Reopen Bankruptcy Case* (Docket No. 22)(the "Motion") filed by the United States Trustee for Region 21 (the "U.S. Trustee"). The above-captioned debtors (the "Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code on August 9, 2016 (the "Petition Date") and Jordan E. Lubin was appointed as the chapter 7 trustee (the "Trustee"). *See* Docket No. 1. On November 29, 2016, the Trustee filed a report of no distribution. Subsequently, the Debtors received their discharge and the case was closed. *See* Docket No. 20. On February 8, 2022, the U.S. Trustee filed the instant Motion, requesting the Court to reopen the above-captioned bankruptcy case and appoint a new chapter 7 trustee to administer any

unscheduled assets that were property of the estate. The U.S. Trustee alleges that one of the Debtors, Andrea Hernandez, "is entitled to proceeds from the settlement of a product liability claim against a product manufacturer for physical injuries related to alleged exposure to the product" (the "Settlement Proceeds"). Motion, ¶ 5.

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350. "[T]he bankruptcy court retains broad discretion to reopen a closed case on a motion of the debtor or another party in interest." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1186–87 (11th Cir. 2017). In exercising its discretion, the Court must balance the policy of a fresh start afforded to the debtor against the rights of affected creditors. *In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003)(*quoting In re Frasier*, 294 B.R. 362, 366 (Bankr. D. Colo. 2003)). "Although a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court in fact has a duty to reopen the estate whenever there is proof that it has not been fully administered." *In re Upshur*, 317 B.R. 446, 451 (Bankr. N.D. Ga. 2004).

The movant carries the burden of establishing that the bankruptcy case should be reopened. *In re Environmental Wood Products, Inc.*, 609 B.R. 901, 912 (Bankr. S.D. Ga. 2019). "A bankruptcy case should not be reopened where it would be a futile exercise or a waste of judicial resources. . . . If a movant could not obtain the substantive relief it intends to seek upon reopening a case, 'then there is no reason to grant a motion to reopen.'" *In re One2One Commc'ns, LLC*, 627 B.R. 273, 284 (Bankr. D.N.J. 2021)(citations omitted). The U.S. Trustee alleges that the Court must reopen this case to allow a chapter 7 trustee to administer the Settlement Proceeds, but if such proceeds are not property of the estate, then reopening the case is futile because there is nothing to administer. *See In re Burris*, No. 09-78161-JWC, 2022 WL 1131950 (Bankr. N.D. Ga. Apr. 15,

2022)(refusing to reopen a ten-year-old case because the U.S. Trustee failed to offer any evidence or argument to support her allegation that the debtors' product liability claim was property of the estate). As the movant, the U.S. Trustee bears the burden of establishing that the Settlement Proceeds are property of the bankruptcy estate and that the case should be reopened.

"It is well-settled that causes of action which have accrued prior to bankruptcy become part of the bankruptcy." *In re Alvarez*, 224 F.3d 1273, 1278 n.12 (11th Cir. 2000)(citing *Venn v. St. Paul Fire and Marine Ins. Co.,* 99 F.3d 1058, 1064 n.10 (11th Cir.1996) and *Miller v. Shallowford Community Hosp., Inc.,* 767 F.2d 1556, 1559 (11th Cir.1985)).[1] Under Georgia law, "the true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." *Amu v. Barnes*, 283 Ga. 549, 551, 662 S.E.2d 113, 116 (2008)(quoting *Allrid v. Emory Univ.,* 249 Ga. 35, 36, 285 S.E.2d 521 (1982)).[2] Yet, the U.S. Trustee does not allege a single fact that would tend to establish that Ms. Hernandez's purported product liability cause of action arose before the Petition Date. The U.S. Trustee does not even identify the relevant product. In the Motion, the U.S. Trustee only provides a conclusory statement that Ms. Hernandez is "entitled to the Settlement Proceeds" and that "[t]he former chapter 7 trustee contends the [Settlement Proceeds are] property of the estate and that administration of the Claim would result in a meaningful distribution to creditors." Motion, ¶ 6. Without more, the Court is unable to determine whether the Settlement Proceeds are in fact property of the estate that could be disbursed for the benefit of creditors so as to justify reopening

---

[1] Section 541(a) of the Bankruptcy Code defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

[2] "The question of whether a debtor's interest in property is property of the estate is a federal question, but the definition of property and issues about the nature and existence of the debtor's interest, are issues of state law." *Bracewell v. Kelly (In Re Bracewell)*, 454 F.3d 1234, 1243 (11th Cir. 2006). "[W]e look to state law to determine when a claim arises, and if it arises on or before the commencement of the bankruptcy case, it is part of the bankruptcy estate." *Id.* at 1242.

this case. Therefore, the Court finds that the U.S. Trustee has failed to meet its burden of establishing that the Settlement Proceeds are property of the bankruptcy estate and that the case should be reopened.

In light of the foregoing, it is hereby **ORDERED** that the Motion is **DENIED without prejudice**.

The Clerk is directed to serve a copy of this Order upon the Debtors, counsel for the Debtors, the Trustee, and the U.S. Trustee.

**[END OF DOCUMENT]**